# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LEWIS IVORY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Case No. 2:16-CV-8035-SLB** |
| **vs.** ) | **Crim. Case No. 2:03-CR-0394-SLB-HGD** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion for Relief Under 28 U.S.C. § 2255 and United States v. Johnson, filed by petitioner, Michael Lewis Ivory. (Doc. 1; crim. doc. 52.)[1]  This is Ivory's second habeas petition attacking his convictions and sentence in his criminal case.  He does not have authorization from the Eleventh Circuit to file the instant Motion; therefore, the court is without jurisdiction.  The court finds that Ivory's Motion for Relief is due to be denied and this case is due to be dismissed.

## BACKGROUND

On or about July 31, 2003, Ivory was indicted on one count of being a felon in possession of a firearm. (Crim. doc. 1.)  After a jury trial, he was found guilty. (Crim. doc. 14.)  On May 18, 2004, the court sentenced Ivory as an armed career criminal to a term of

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)."  Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:03-CR-0394-SLB-HGD, appear as "(Crim. Doc. __)."  Citations to page numbers refer to the page numbers assigned to each document by the court's CM/ECF electronic filing system.

imprisonment of 262 months, with credit for time served in state custody. (Crim. doc. 40.) The court found that Ivory had three prior convictions for serious drug offenses.[2]   The conviction and sentence were affirmed on appeal on October 6, 2006. *United States v. Ivory*, 199 Fed. Appx. 896 (11th Cir. 2006).

On September 24, 2007, Ivory filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct, challenging his conviction and sentence based on ineffective assistance of counsel and prosecutorial misconduct. (Crim. doc. 51.) The court denied his Motion to Vacate, dismissed his habeas petition, and denied a Certificate of Appealability. *Ivory v. United States*, Civil Action No. 2:07-CV-8030-SLB-HGD, doc. 16 (N.D. Ala. (Aug. 22, 2008); *id*., doc. 18 (Feb. 2, 2009); *see also id*., doc. 13 [Report and Recommendation] (June 13, 2008). The Eleventh Circuit denied Ivory's Motion for a Certificate of Appealability. *Ivory v. United States*, No. 09-12005-H (11th Cir. July 28, 2009).

---

[2]Section 924(e)(2)(A) defines "serious drug offense" to mean:

(i)  an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii)  an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law . . . .

18 U.S.C. § 924(e)(2)(A)(i)-(ii).

Ivory filed the instant Motion for Relief on May 4, 2016.  (Doc. 1.)  He contends, "Following Johnson,[3] Mr. Ivory's Armed Career Criminal sentence is no longer valid or sustainable.  With the retroactive application of Johnson, decided in WELCH V. UNITED STATES, no. 15-6418,[4] the prior convictions, which served as predicates for his ACCA status, included multiple crimes under the residual clause of the ACCA, and he no longer has three 'violent felonies or serious drug felonies' as required by 18 U.S.C. § 924(e)."  (Doc. 1 at 2 [footnotes added].)

## DISCUSSION

Section 2244(a) states, "No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."[5]  28 U.S.C. § 2244(a)(footnote added).

---

[3]*Johnson v. United States*, 135 S. Ct. 2551 (2015).

[4]*Welch v. United States*, 136 S. Ct. 1257 (2016).

[5]Section 2255(h) states:

A second or successive motion ***must*** be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. (b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). "[Section] § 2244(a) applies to any petition for habeas relief attacking the legality of the same detention, and § 2244(b)(3) requires that the petitioner obtain permission from the court of appeals before filing any second or successive petition attacking the same detention." *McKinney v. Warden, FCC Coleman-Medium,* 870 F. Supp. 2d 1351, 1354 (M.D. Fla. 2012)(citing *Darby v. Hawk-Sawyer*, 405 F.3d 942 (11th Cir.2005)), *aff'd*, 562 Fed. Appx. 917 (11th Cir. 2014).

Because Ivory had previously filed a § 2255 habeas petition that challenged his conviction and sentence, he was required to have authorization from the Eleventh Circuit before filing his instant Motion for Relief. Ivory alleges, however, that the "instant petition is not a second or successive petition . . . . Mr. Ivory's petition is based solely on the recent opinion of the Supreme Court in Johnson. . . . Thus, he now seeks habeas relief based [entirely] on a claim, which was unavailable at the time of his previous[ ] habeas petition."

---

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(emphasis added).

(Doc. 1 at 4.)  Although *Johnson* and *Welch* may provide a basis for the Eleventh Circuit's grant of authorization to file a second or successive application,[6] these decisions do not excuse a petitioner from first seeking such authorization before filing a second or successive habeas application.

Congress did not define the phrase "second or successive motion" used in § 2255(h); however, the Supreme Court has "declined to interpret 'second or successive' as referring to ***all*** § 2254 [or § 2255] applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)(emphasis added); *see also Stewart v. United States*, 646 F.3d 856, 860 n.6 (11th Cir. 2011)("Because of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart.").  The Eleventh Circuit has "recognized the existence of 'a small subset of unavailable claims that must not be categorized as successive,' but [Ivory's] claim is not one of them."[7]  *Ellis v. United States*, 593 Fed. Appx. 894, 896-97 (11th Cir. 2014)(citing *Stewart*, 646 F.3d at 863 (11th Cir. 2011)(petition filed after state-court conviction used to enhance sentence was vacated was not successive)).

---

[6]*See* 28 U.S.C. § 2255(h)(2).

[7]Among the "types of collateral challenges [that] do not render subsequent habeas petitions 'second or successive,'" are claims that are not ripe until after the first in time habeas petition is filed and § 2254 claims dismissed based on a failure to exhaust state remedies.  *See Bond v. Sec'y of Dep't of Corr.*, No. 5:13-CV-274-WS/EMT, 2014 WL 3819201, *3 n.2 (N.D. Fla. Aug. 4, 2014)(citing, *inter alia*, *Panetti*, 551 U.S. at 945; *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000)).

"To determine whether a prisoner's petition is second or successive, [the court] must look to whether the petitioner previously filed a federal habeas petition challenging the same judgment."[8] *Rivera v. Sec'y, Florida Dep't of Corr.*, No. 15-15709, 2016 WL 6677629, *1 (11th Cir. Nov. 14, 2016)(citing *Insignares*, 755 F.3d at 1278). A habeas petitioner, challenging the same judgment as an earlier-filed petition that was decided on the merits, must receive authorization from the Eleventh Circuit before filing his second or successive habeas application for relief. *Maxwell v. United States*, No. 3:09-CR-38-J-32MCR, 2016 WL 345519, *2 (M.D. Fla. Jan. 28, 2016)(citing *Burton v. Stewart*, 549 U.S. 147, 153 (2007), *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014), and *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)); *see also Garcia v. United States*, No. CR 04-147-CG-N, 2015 WL 5608247, *3 (S.D. Ala. Aug. 26, 2015)("To the extent the present motion is construed as an attack on [defendant's] underlying conviction and sentence, that means he will have 'twice brought claims contesting the same custody imposed by the same judgment of [this C]ourt. As a result, under AEDPA, he [i]s required to receive authorization from the Court of Appeals before filing his second challenge.'" (quoting *Burton*, 549 U.S. at 153)), *report and recommendation adopted*, 2015 WL 5602446 (S.D. Ala. Sept. 21, 2015).

"***This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to***

---

[8]"[T]here is only one judgment, and it is comprised of both the sentence and the conviction." *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014).

*cases on collateral review by the Supreme Court, that was previously unavailable.*"[9]

*United States v. Mitchell*, No. 3:03CR57/LAC/CJK, 2015 WL 5635001, *2 (N.D. Fla. Aug.

---

[9]Ivory, citing *Petaway v. United States*, 104 F. Supp. 3d 855 (N.D. Ohio 2015), argues that his claim was "unavailable and unripe until . . . Johnson was issued." (Doc. 1 at 3-4.) However, this argument is ***not*** supported by the holding in *Petaway*. The court in *Petaway* held:

> "But what makes a claim unripe," at least for purposes of the exception to the bar on second or successive motions, "is that the factual predicate has not matured, ***not that the law was unsettled" or has changed***. *U.S. v. Claycomb,* 577 Fed. Appx. 804, 805 (10th Cir.2014); *see id.* (claim that district court, rather than jury, found facts needed to impose mandatory minimum sentence "had matured by the time sentence was imposed," even though  defendant's sentencing and first § 2255 motion predated *Alleyne v. U.S.,* —— U.S. ——, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013)); *U.S. v. Hairston,* 754 F.3d 258, 262 (4th Cir. 2014)(numerically second petition not "second or successive" where movant alleged that, after his first round of § 2255 review ended, state courts vacated a conviction used to calculate Guidelines range); *U.S. v. Obeid,* 707 F.3d 898, 902 (7th Cir. 2013) (claim is "genuinely unripe" only "where the factual predicate that gives rise to the claim has not yet occurred"); *Leal Garcia v. Quarterman,* 573 F.3d 214, 223 (5th Cir. 2009) (new claim is "non-successive . . . if the defect that it attacks did not arise until after the prior habeas proceeding").
>
> Here, Petaway's claims were ripe for adjudication during his first round of collateral review, in 1997.  Indeed, Petaway raised his current ineffective-assistance claim in the first § 2255 motion.  Moreover, the factual predicate for challenging the use of his prior convictions to calculate his criminal history category was available at sentencing.
>
> For these reasons, I conclude Petaway's numerically second § 2255 motion is, in fact, "second or successive."

*Petaway*, 104 F. Supp. 3d at 857-58 (emphasis added).

20, 2015)(emphasis added), *report and recommendation adopted* 2015 WL 5674849 (N.D.

Fla. Sept. 22, 2015).

The court rejects Ivory's contention that this habeas proceeding is not a second or

successive proceeding and, because he has not been granted authorization to file a second

or successive petition, the court is without jurisdiction and his Motion will be denied.

As an alternative to dismissal, Ivory asks the court to "forward the petition to the

Eleventh Circuit for certification." (Doc. 1 at 4.) Federal law allows this court to transfer

this case to another federal court if it "finds that there is a want of jurisdiction" and such

transfer "is in the interest of justice." 28 U.S.C. § 1631. Because the court finds that Ivory

cannot establish a prima facie case for relief pursuant to *Johnson*, transfer to the Eleventh

Circuit is not in the interest of justice. *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir.

1999)("[T]here is no reason to raise false hopes and waste judicial resources by transferring

a case that is clearly doomed . . . .").

With regard to an application to file a second or successive application based on

*Johnson* and *Welch*, the Eleventh Circuit has held:

> [F]ederal prisoners who can make a *prima facie* showing that they previously
> were sentenced, at least in part, in reliance on the ACCA's now-voided
> residual clause are entitled to file a second or successive § 2255 motion in the
> district court. *See In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016).
> However, merely alleging a basis that meets § 2255(h)'s requirements in the
> abstract only "represent[s] the minimum showing" necessary to file a
> successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also
> must make "a *prima facie* showing that the application satisfies the
> requirements of this subsection." *In re Holladay*, 331 F.3d 1169, 1173 (11th
> Cir. 2003). Accordingly, it appears that it is not enough for a federal prisoner
> to simply identify *Johnson* as the basis for the claim or claims he seeks to raise

8

in a second or successive § 2255 motion, as he also must show that he falls
within the scope of the new substantive rule announced in *Johnson*. *See, e.g.*,
*id.*; 28 U.S.C. § 2244(b)(3)(C).

*In re Moore*, 830 F.3d 1268, 1270–71 (11th Cir. 2016). "When . . . it is clear based on the

sentencing court's finding in sentencing the defendant that each predicate conviction

qualified under the ACCA's elements or enumerated crimes clause, or as a serious drug

offense, *or* binding on-point precedent dictated that the predicate offenses categorically

qualified under one of these other clauses, then [the defendant's] application [to file a second

or successive habeas application] does not 'contain' a *Johnson* claim.  In these limited

circumstances, his application is due to be denied."  *In re Rogers*, 825 F.3d 1335, 1340 (11th

Cir. 2016)(emphasis in original).

   In *Johnson*, the Supreme Court held that the residual clause of the definition of a

"violent felony" in the Armed Career Criminal Act ["ACCA"], 18 U.S.C. § 924(e)(2)(B)(ii),

was void for vagueness.  *Johnson*, 135 S. Ct. at 2563.  The Court also held, "Today's

decision does not call into question application of the [ACCA] to the four enumerated

offenses, or the remainder of the Act's definition of a violent felony."  *Id*.  It did not discuss

the definition of "serious drug offense" set forth in § 924(e)(2)(A).

   In this case, the record clearly establishes that Ivory's enhanced sentence under the

ACCA was the result of three "serious drug offenses" – a state court conviction for selling,

furnishing, or giving away cocaine, and two federal convictions for possession with intent

to distribute cocaine.  (Crim. doc. 46 at 12; *see also* crim. doc. 38 [sealed] at 6-10; crim. doc.

30 at 2 [Ivory conceded he had two prior convictions for serious drug offenses and he

9

argued, erroneously, that another conviction for a serious drug offense had been reversed by the Eleventh Circuit].) Ivory was not sentenced under the ACCA based on a prior conviction for a felony conviction; rather, his enhanced sentence was based on three convictions for serious drug offences. Therefore, he has no *Johnson* claim. Under the circumstances, transfer of the case to the Eleventh Circuit for that court to consider authorizing a second or successive habeas petition on the basis of *Johnson* is not in the interest of justice because Ivory is not entitled to any relief based on the holding in *Johnson* voiding the residual clause of the ACCA.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that it lacks jurisdiction to determine Ivory's Motion for Relief and that transfer of this matter to the Eleventh Circuit Court of Appeals is not in the interest of justice. An Order denying Ivory's Motion for Relief and dismissing this case will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

10

§ 2253(c)(2)(emphasis added).    To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court lacks jurisdiction to entertain Ivory's second habeas petition without authorization from the Eleventh Circuit Court of Appeals and transfer that court is not in the interest of justice as *Johnson* and *Welch* are not applicable to Ivory's sentence.  Reasonable jurists could not disagree.  Also, Ivory has not demonstrated that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further.  Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 24th day of January, 2017.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE